UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CLORINDA SPEARS,

                          Plaintiff,

                                                                    Case # 15-CV-6236-FPG

v.

                                                                    DECISION AND ORDER

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
_____

      Clorinda Spears ("Spears" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") that denied her application for disability insurance benefits ("DIB") under Title II of the Act. ECF No. 1. This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

      Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 9, 11. For the reasons that follow, this Court finds that the Commissioner's decision is not in accordance with the applicable legal standards. Accordingly, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

      On June 27, 2011, Spears protectively filed an application for DIB with the Social Security Administration ("the SSA"). Tr.[1] 135-136. She alleged that she had been disabled since September 30, 2009 due to low back, hip, left knee, and right arm pain, hypertension, and gastroesophageal reflux disease ("GERD"). Tr. 135-36, 178. After her application was denied at

---

[1]     References to "Tr." are to the administrative record in this matter.

the initial administrative level, a hearing was held before Administrative Law Judge Connor O'Brien ("the ALJ") on February 11, 2013 in which the ALJ considered Spears's application *de novo*. Tr. 27-70. Spears appeared at the hearing with her attorney and testified. *Id.* After the hearing, the ALJ served vocational interrogatories upon Peter Manzi, a Vocational Expert ("VE"), and the VE's responses became part of the record. Tr. 229-38. On September 20, 2013, the ALJ issued a decision finding that Spears was not disabled within the meaning of the Act. Tr. 9-22. That decision became the Commissioner's final decision when the Appeals Council denied Spears's request for review on February 20, 2015. Tr. 1-4. Thereafter, Spears commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

**I.     District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). It is not this Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

**II.     Disability Determination**

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f). The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate

that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.   The ALJ's Decision

The ALJ's decision analyzed Spears's claim for benefits under the process described above. At step one, the ALJ found that Spears had not engaged in substantial gainful activity since September 30, 2009, the alleged onset date. Tr. 11. At step two, the ALJ found that Spears has the following severe impairments: hyperlipidemia, hypertension, degenerative disc disease of the lumbar spine, degenerative joint disease with chronic pain syndrome in the left knee and bilateral hips, obesity, and GERD. Tr. 11-12. At step three, the ALJ found that such impairments, alone or in combination, do not meet or medically equal an impairment in the Listings. Tr. 12.

Next, the ALJ determined that Spears retained the RFC to perform light work,[2] but she requires a sit/stand option that allows her to change position every hour for up to 15 minutes without leaving the work station. Tr. 13-20. The ALJ also determined that Spears can push and pull no more than 20 pounds occasionally, cannot reach above shoulder level bilaterally, and can occasionally stoop, crouch, balance, climb, kneel, and crawl. *Id.* Spears requires up to three additional unscheduled breaks (less than five minutes each) per day. *Id.*

---

[2]   "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

At step four, the ALJ relied on the VE's responses and found that this RFC prevents Spears from performing her past relevant work as a nurse assistant. Tr. 20.

At step five, the ALJ relied on the VE's responses and found that Spears is capable of making an adjustment to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 20-21. Specifically, the VE opined that Spears could work as a collator operator, photocopy machine operator, or laundry sorter. Tr. 21. Accordingly, the ALJ concluded that Spears was not "disabled" under the Act. Tr. 21-22.

## II.  Analysis

Spears argues that remand is warranted because the ALJ erred at step five when he failed to resolve a conflict between the VE's responses and the Department of Labor's Selected Characteristics of Occupations ("SCO"), which is a companion publication to the Dictionary of Occupational Titles ("DOT").[3]  ECF No. 9-1, at 14-17.  Specifically, Spears argues that a conflict exists because the RFC assessment precluded her from reaching overhead, yet each job that the VE identified at step five requires frequent reaching in all directions.  *Id.*  The Commissioner maintains that the ALJ did not err because there is no apparent conflict between the RFC assessment and the DOT descriptions of the jobs the VE identified. ECF No. 11-1, at 10-14.  For the reasons that follow, this Court finds that the ALJ erred at step five and that this matter must be remanded for further administrative proceedings.

After Spears's hearing, the ALJ sent written interrogatories to the VE. Tr. 229-34. The ALJ asked the VE to assume an individual of Spears's age, education, and work experience, who could perform light work with additional limitations, including no "reach[ing] or lift[ing] above shoulder level bilaterally." Tr. 231.  The VE responded that such an individual would not be

---

[3]  Spears advances another argument that she believes warrants reversal of the Commissioner's decision. ECF No. 9-1, at 17-19.  However, because this Court disposes of this matter based on the ALJ's error at step five, that argument need not be reached.

able to perform Spears's past work as a nurse assistant. Tr. 236. He found, however, that Spears could perform other jobs existing in significant numbers in the national economy, specifically collator operator, photocopy machine operator, and laundry sorter. Tr. 237. The written interrogatories included two checkbox questions that asked the VE whether there were "any conflicts between the occupational evidence . . . provided . . . and the occupational information contained in the DOT and/or the SCO." Tr. 237-38. The VE checked "no" in response to both of those questions. *Id.*

According to the DOT, however, all three of the jobs that the VE identified require "frequent" reaching. *See* DOT, #208.685-010, 1991 WL 671753 (collator operator); #207.685-014, 1991 WL 671745 (photocopy machine operator); #361.687-014, 1991 WL 672991 (laundry sorter). "Frequent" is defined as one-third to two-thirds of the work day. *Id.* "Reaching" is defined as "[e]xtending hand(s) and arm(s) in *any direction*." *See* SCO, App'x C (1993); S.S.R. 85-15, 1985 WL 56857, at *7 (S.S.A. 1985) (emphasis added). Thus, Spears argues that the physical requirements of these jobs conflict with the RFC assessment that precludes her from reaching overhead, and that the ALJ had a duty to resolve this conflict. ECF No. 9-1, at 14-17. This Court agrees.

Social Security Ruling ("SSR") 00-4p, which clarifies the SSA's standards for using a VE, provides that:

> Occupational evidence provided by a VE . . . generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE . . . evidence and the DOT, the [ALJ] must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the [ALJ]'s duty to fully develop the record, the [ALJ] will inquire, on the record, as to whether or not there is such consistency.

6

> Neither the DOT nor the VE . . . evidence automatically "trumps" when there is a conflict. The [ALJ] must resolve the conflict by determining if the explanation given by the VE . . . is reasonable and provides a basis for relying on the VE . . . testimony rather than on the DOT information.

S.S.R. 00-4p, 2000 WL 1898704, at *2 (S.S.A. Dec. 4, 2000). Thus, this Ruling "place[s] an affirmative duty on the ALJ to identify and resolve any conflict between the [VE]'s testimony and the DOT before relying on such testimony." *Patti v. Colvin*, No. 13-CV-1123-JTC, 2015 WL 114046, at *6 (W.D.N.Y. Jan. 8, 2015) (citation omitted); *Pearson v. Colvin*, 810 F.3d 204, 209 (4th Cir. 2015) ("The ALJ independently must identify conflicts between the [VE]'s testimony and the [DOT].")

Here, the ALJ erred when he failed to identify the apparent conflict between the jobs the VE identified and the information contained in the DOT and SCO that each position requires frequent reaching in all directions. Tr. 20-21; *see Patti*, 2015 WL 114046, at *6 (finding that the ALJ erred where he failed to resolve the conflict between the plaintiff's ability to reach only occasionally and the VE's testimony that the plaintiff could perform jobs that required frequent reaching according to the DOT); *Pearson*, 810 F.3d at 210-11 (same); *Kemp v. Colvin*, 743 F.3d 630, 632-33 (8th Cir. 2014) (same); *Martell v. Comm'r of Soc. Sec.*, No. 2:12-CV-152, 2013 WL 1429459, at *7 (D. Vt. 2013) (finding that the ALJ erred where he failed to resolve the conflict between the plaintiff's ability to stand and/or walk for only *four* hours a day and the VE's testimony that the plaintiff could work at a job that required those activities up to *six* hours a day).

The ALJ also failed to resolve the conflict in his decision. The VE merely checked "no" to two questions regarding conflicts between his testimony and the DOT and SCO (Tr. 237-38), and the ALJ's decision included a conclusory statement that the VE's testimony was "consistent

with the information contained in the DOT" (Tr. 21). This Court finds that this statement did not satisfy the ALJ's duty to "identify, explain, and resolve" the conflicts between the VE's testimony and his decision. *Patti*, 2015 WL 114046, at *6 ("The ALJ's catch-all question to the [VE] regarding any inconsistencies between the [VE]'s testimony and the DOT does not satisfy the ALJ's duty to identify, explain, and resolve the conflicts between the [VE]'s testimony and her decision."); *Diaz v. Astrue*, No. 3:11-cv-317 (VLB), 2012 WL 3854958, at *6 (D. Conn. Sept. 5, 2012) ("This Court finds the ALJ's conclusive statement at the end of his Decision to be insufficient because the plaintiff never received an explanation for the resolution of the inconsistency between the DOT characteristics and the RFC finding when her benefits were denied."); *Kemp*, 743 F.3d at 633 ("[T]he record does not reflect whether the VE or the ALJ even recognized the possible conflict between the hypothetical describing a claimant who could reach overhead only occasionally, and [the] DOT job listing . . . indicating that a check-weigher job involved constant reaching. Further, the VE did not explain the possible conflict and the ALJ sought no such explanation.").

The Commissioner asserts that there was no conflict for the ALJ to resolve because the DOT does not expressly state that the occupations the VE identified require overhead reaching, and that common experience indicates that these jobs do not require overhead reaching. ECF No. 11-1, at 12-13. Given the SCO's broad definition of "reaching," however, it is certainly possible that all three jobs *may* require at least some overhead reaching. Even if these jobs require only minimal overhead reaching, a conflict exists because the ALJ found that Spears could not do *any* overhead reaching. Although this Court could guess what these occupations require in reality, it is the ALJ's duty to elicit an explanation from the VE as to whether these occupations actually require frequent overhead reaching. If that explanation does not provide a

reasonable basis for relying on the VE's testimony, then that testimony cannot provide substantial evidence for denying disability benefits. But if the VE's explanation is reasonable, the ALJ can resolve the apparent conflict with the DOT and SCO and properly rely on the VE's testimony. *Pearson*, 810 F.3d at 211.

It is important to resolve this conflict because, even if only some collator operators, photocopy machine operators, and laundry sorters are required to reach overhead, it would affect the number of positions in the national economy that are available to Spears. An ALJ can only find a claimant not disabled at step five if the Commissioner proves that the claimant can perform other work that "exist[s] in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(1). Thus, the VE must indicate how many of these positions do not require overhead reaching so that the ALJ can properly determine whether Spears is disabled. *See Mendez v. Barnhart*, No. 05 Civ. 10568(SHS), 2007 WL 186800, at * (S.D.N.Y. Jan. 23, 2007) (finding no error at step five where the VE explained that her definition of a job was modified from the DOT listing so that it included only the sub-set of jobs that the claimant could perform with his limitations and she adjusted the estimated number of available jobs accordingly).

The Commissioner also asserts that Spears's argument should be rejected because her "counsel was given the opportunity to explore the issue of an apparent conflict with the VE, yet she failed to do so[.]" ECF No. 11-1, at 13-14. It is well settled, however, that the administrative hearing process is non-adversarial and that the ALJ is obligated to investigate the facts and develop the record independent of the claimant or his or her counsel. *See Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996); *Stackhouse v. Colvin*, 52 F. Supp. 3d 518, 520 (W.D.N.Y. 2014). An ALJ has not fully developed the record if it contains an unresolved conflict between the VE's testimony and the DOT or SCO.

Because the ALJ did not elicit the basis for the VE's responses that Spears could perform the jobs despite her inability to reach overhead or a reasonable explanation for the VE's deviation from the DOT and SCO, this Court cannot determine whether substantial evidence supports the ALJ's step five findings and remand is required.  *See Aubeuf v. Schweiker*, 649 F.2d 107, 112 (2d Cir. 1981) ("When the claimant has established that his impairment prevents him from returning to his previous employment, the burden shifts to the [Commissioner], who must produce evidence to show the existence of alternative substantial gainful work which exists in the national economy and which the claimant could perform[.]") (internal quotation marks and citation omitted).

## CONCLUSION

For the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 11) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g).  *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3).  The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 18, 2016
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court